**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Dahn World Co. Ltd., A Korean corporation,<br><br>    Plaintiff,<br><br>vs.<br><br>Eun Hee Chung, a Maryland resident,<br><br>    Defendant. | No. CV 05-3477-PCT-JAT<br><br>**ORDER** |

Pending before the Court is Defendant's Motion to Dismiss the Complaint (Doc. #20) pursuant to Rules 12(b)(2) and (3) of the Federal Rules of Civil Procedure. The Court now rules on this Motion.

**I.    BACKGROUND**

Plaintiff is a Korean corporation that operates yoga centers worldwide.[1] One-third of Plaintiff's yoga centers are located in the United States, and four of the U.S. centers are located in Arizona. Bell Rock, a wholly owned Arizona subsidiary, was formed in 1996 to manage and administer Plaintiff's business in the United States.

---

[1] The parties do not specify whether Plaintiff is a North Korean or South Korean corporation.

1  Defendant is a citizen of the state of Maryland. She has visited Arizona on three
2  occasions: in 1999 for eight days; in 2002 for three days; and in 2004 for seven days.
3  Defendant has never been employed in or conducted any business in Arizona.

4  Plaintiff alleges that Defendant gained unauthorized access to a Dahn World employee
5  Intranet site and to computer servers maintained by Dahn World for the exclusive use of
6  corporate executives. Plaintiff further alleges that Defendant then copied trade secrets and
7  sensitive information belonging to Dahn World and published that information on an Intranet
8  web site. Dahn World does not dispute that the servers, on which the confidential
9  information is housed, are located in Korea.

10  Plaintiff's complaint includes claims under the Federal Computer Fraud and Abuse
11  Act, 18 U.S.C. § 1030, the Digital Millenium Copyright Act, 17 U.S.C. § 1201(a)(1)(A), and
12  the Arizona Trade Secrets Act, A.R.S. § 44-401, *et seq*. Plaintiff's complaint also includes
13  claims for breach of contract and tortious interference with business relations.

14  Defendant now moves to dismiss Plaintiff's complaint for lack of personal jurisdiction
15  and, alternatively, for improper venue.

16  **II.     LEGAL ANALYSIS AND CONCLUSION**

17  **A.  Personal Jurisdiction**

18  Plaintiff bears the burden of establishing personal jurisdiction. *See Ziegler v. Indian*
19  *River County*, 64 F.3d 470, 473 (9th Cir. 1995) (citing *Farmers Ins. Exch. v. Portage La*
20  *Prairie Mut. Ins. Co.*, 907 F.2d 911, 912 (9th Cir. 1990)). When a defendant moves to
21  dismiss a complaint for lack of personal jurisdiction, the plaintiff is "obligated to come
22  forward with facts, by affidavit or otherwise, supporting personal jurisdiction" over the
23  defendant. *Cummings v. W. Trial Lawyers Assoc.*, 133 F. Supp. 2d 1144, 1151 (D. Ariz.
24  2001).

25  Because no applicable federal statute governing personal jurisdiction exists, Arizona's
26  long-arm statute applies to this case. *See Terracom v. Valley Nat'l Bank*, 49 F.3d 555, 559
27  (9th Cir. 1995) (citing *Core-Vent Corp. AB v. Nobel Indus.*, 11 F.3d 1482, 1484 (9th Cir.
28  1993)). Arizona's long-arm statute provides for personal jurisdiction to the extent permitted

by the Due Process Clause of the United States Constitution. Ariz. R. Civ. P. 4.2(a); *see Doe v. Am. Nat'l Red Cross*, 112 F.3d 1048, 1050 (9th Cir. 1997).[2]

Absent traditional bases for personal jurisdiction (i.e. physical presence, domicile, and consent), the Due Process Clause requires that a nonresident defendant have certain minimum contacts with the forum state such that the exercise of personal jurisdiction does not offend traditional notions of fair play and substantial justice. *See Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945). The Due Process Clause protects a defendant's "liberty interest in not being subject to the binding judgment of a forum with which he has established no meaningful 'contacts, ties, or relations.'" *See Omeluk v. Langsten Slip & Batbyggeri A/S*, 52 F.3d 267, 269-70 (9th Cir. 1995) (quoting *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 471-72 (1985)).

In determining whether a defendant has minimum contacts with the forum state such that the exercise of jurisdiction over the defendant would not offend the Due Process Clause, courts focus on "the relationship among the defendant, the forum, and the litigation." *Shaffer v. Heitner*, 433 U.S. 186, 204 (1977). If a court determines that the defendant's contacts with the forum state are sufficient to satisfy the Due Process Clause, then the court must exercise either "general" or "specific" jurisdiction over the defendant. *See Helicopteros Nacionales de Colombia v. Hall*, 466 U.S. 408, 414-15 nn. 8-9 (1984). The nature of the defendant's contacts with the forum state will determine whether the court exercises general or specific jurisdiction over the defendant. *Id.*

**1. General Jurisdiction**

A court may assert general jurisdiction over a defendant "[i]f the defendant's activities in the state are 'substantial' or 'continuous and systematic,' . . . even if the cause of action is unrelated to those activities." *Doe*, 112 F.3d at 1050-51 (quoting *Haisten v. Grass Valley Med. Reimbursement Fund, Ltd.*, 784 F.2d 1392, 1396 (9th Cir. 1986)).

---

[2]Rule 4.2(a) provides, in pertinent part: "A court of this state may exercise personal jurisdiction over parties, whether found within or outside the state, to the maximum extent permitted by the Constitution of this state and the Constitution of the United States."

1 Defendant argues that she does not have "substantial" or "continuous and systematic"
2 contacts with Arizona, and the Court agrees. Defendant resides in Maryland and has visited
3 Arizona on only three occasions. Additionally, Defendant does not conduct any business in
4 Arizona. Plaintiff argues that Defendant has contacts with the forum state because she
5 directly aimed her alleged acts at Arizona. Even if Defendant's alleged acts established
6 contacts with the forum state, those contacts would be neither substantial nor continuous and
7 systematic. Thus, the Court cannot exercise general jurisdiction over Defendant.

### 2. Specific Jurisdiction

The Court must next determine whether Defendant has established sufficient contacts with the forum state such that the exercise of specific jurisdiction over her would not offend the Due Process Clause. *See Int'l Shoe*, 326 U.S. at 316. The Ninth Circuit applies a three-part test to determine whether Defendant's contacts with the forum state are sufficient to subject her to the state's specific jurisdiction. Under this three-part test, specific jurisdiction exists only if: (1) Defendant purposefully availed herself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws, or purposefully directed conduct at the forum that had effects in the forum; (2) the claim arises out of Defendant's forum-related activities; and (3) the exercise of jurisdiction comports with fair play and substantial justice, i.e., it is reasonable. *See Bancroft & Masters, Inc. v. Augusta Nat'l Inc.*, 223 F.3d 1082, 1086 (9th Cir. 2000) (citing *Cybersell, Inc. v. Cybersell, Inc.*, 130 F.3d 414, 417 (9th Cir. 1997)).

### a. "Purposeful Availment" and "Effects" Test

In discussing the specific jurisdiction test, the United States Supreme Court has long emphasized that "it is essential in each case that there be some act by which the defendant purposefully avails itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protection of its laws." *Hanson v. Denckla*, 357 U.S. 235, 253 (1958). More recently, the Supreme Court held that a court may also have specific jurisdiction over a defendant where the intended effects of the defendant's non-forum conduct were purposefully directed at and caused harm in the forum state. *Calder v. Jones*,

- 4 -

1  465 U.S. 783, 788-90 (1984).[3] Under *Calder*, personal jurisdiction can be based upon: "(1) intentional actions (2) expressly aimed at the forum state (3) causing harm, the brunt of which is suffered, and which the defendant knows is likely to be suffered, in the forum state." *Core-Vent Corp.*, 11 F.3d at 1486.

The development of the law concerning the permissible scope of personal jurisdiction based on Internet use is in its early stages. The cases are scant; however, the Ninth Circuit recently addressed the purposeful availment aspect of personal jurisdiction in a case involving the Internet. *See Cybersell, Inc.*, 130 F.3d at 415.

In *Cybersell,* an Arizona corporation, Cybersell, Inc. ("Cybersell AZ"), held a registered servicemark for the name Cybersell. *Id.* A Florida corporation, Cybersell, Inc. ("Cybersell FL"), created a website with the domain name cybsell.com. Additionally, it posted "Cybersell" and "Welcome to Cybersell" at the top of its webpage. Cybersell AZ claimed that Cybersell FL infringed its registered servicemark and brought an action in the District Court of Arizona. *Id.* The court held that it could not exercise personal jurisdiction over the defendant because maintaining a website accessible to anyone over the Internet is not enough. *Id.* at 419-20. The court stated that there must be "something more" to "indicate that the defendant purposefully (albeit electronically) directed his activity in a substantial way to the forum state." *Id.* at 418.

In contrast, personal jurisdiction was properly exercised by the court in *CompuServe, Inc. v. Patterson*. 89 F.3d 1257 (6th Cir. 1996). The Sixth Circuit Court of Appeals held that a Texas resident, who advertised his product via a computer information service located in Ohio, was subject to personal jurisdiction in Ohio. *Id.* at 1264. The court stated that the

---

[3]*Cf. Sinatra v. Nat'l Enquirer*, 854 F.2d 1191, 1195 (9th Cir. 1988) ("[T]he decisions of this court have interpreted the holdings of *Calder* and *Burger King* as modifying the purposeful availment rubric to allow 'the exercise of jurisdiction over a defendant whose only 'contact' with the forum is the 'purposeful direction' of a foreign act having effect in the forum state.'") (quoting *Haisten*, 784 F.2d at 1397).

1 defendant, by advertising through an Ohio business, had taken direct actions to create a connection with Ohio. *Id.*

In this case, Plaintiff has not presented sufficient evidence to show that Defendant purposefully directed her alleged actions at the forum state. Even if Defendant committed an intentional act by taking Plaintiff's confidential information and posting it on a webpage, there is no evidence to show that this conduct was expressly aimed at Arizona. According to *Cybersell*, maintaining a website accessible to anyone, as Defendant allegedly did in this case, is not enough to show that Defendant expressly aimed her acts at the forum state. *Cybersell*, 130 F.3d at 419-20. Defendant would have had to do something more in order to create a connection with the forum state. Plaintiff also argues that Defendant's alleged taking of confidential information from Dahn World's website created a connection between Defendant and the forum state. However, the servers, on which the confidential information is housed, are located in Korea. Therefore, Defendant's alleged taking of information does not create a connection between Defendant and the forum state.

Similarly, Plaintiff has not shown that it suffered the brunt of its harm in Arizona or that Defendant knew that the harm would likely be suffered in Arizona. Plaintiff is a Korean corporation that only operates one-third of its yoga centers in the United States. Additionally, its yoga centers are throughout the United States, rather than solely situated in Arizona. Based on this evidence, it is not likely that Plaintiff suffered the brunt of its harm in Arizona. While Plaintiff argues that its employees in Arizona were forced to stop the theft of its information, there is no evidence that this constitutes the brunt of the harm. Plaintiff further argues that Defendant attempted to foster inaccurate perceptions and beliefs about its company. If Defendant succeeded in doing this, the brunt of the harm would be done to Plaintiff's reputation. However, Plaintiff has offered no evidence to show that it suffered the brunt of the harm to its reputation in Arizona. Because Defendant did not expressly direct actions at the forum state that she knew would cause harm in the forum state, she has not purposefully availed herself of the forum state.

Plaintiff has failed to satisfy the first prong of the Ninth Circuit's three-part test for specific jurisdiction. Thus, it is not necessary to analyze the second and third prongs of the test because each prong must be satisfied in order for the Court to exert personal jurisdiction over Defendant. Further, because the Court cannot exercise personal jurisdiction over Defendant, Defendant's improper venue argument is moot and need not be analyzed. Accordingly,

**IT IS ORDERED GRANTING** Defendant's Motion to Dismiss the Complaint (Doc. #20).

**IT IS FURTHER ORDERED** that the Clerk of the Court terminate this action and enter judgment accordingly.

DATED this 27th day of June, 2006.

_____
James A. Teilborg
United States District Judge