**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Dahn World Co. Ltd., A Korean corporation,<br><br>  Plaintiff,<br><br>vs.<br><br>Eun Hee Chung, a Maryland resident,<br><br>  Defendant. | No. CV 05-3477-PCT-JAT<br><br>**ORDER** |

Pending before the Court is Defendant's Motion for Award of Attorneys' Fees and Expenses (Doc. # 32).

I.   BACKGROUND

Plaintiff Dahn World Co. Ltd. is a Korean corporation authorized to do business in Arizona. Plaintiff provides secure Intranet and Internet computer services for the operation of Dahn Centers located in the United States and throughout the world. Dahn Centers provide education and training for yoga, meditation, and other activities related to health, spirituality and the martial arts.

On October 31, 2005, Plaintiff filed its original Complaint against Zhibin Zhong, alleged to be a fictitious name used to register newdahn.com, an Internet domain. In the original Complaint, Plaintiff alleged that "Zhibin Zhong" gained unauthorized access to Plaintiff's employee Intranet site and to computer servers based in Korea, maintained by

Plaintiff for the exclusive use of corporate executives. Plaintiff further alleged that "Zhibin Zhong" then copied trade secrets and sensitive information belonging to Plaintiff and published that information on an Intranet web site. Based on the alleged conduct, Plaintiff asserted the following claims: (1) computer fraud and abuse under 18 U.S.C. § 1030; (2) violation of the Digital Millennium Copyright Act ("DMCA"), 17 U.S.C. § 1201 *et seq.*; (3) breach of contract; (4) tortious interference with business relations; and (5) misappropriation of trade secrets under the Arizona Trade Secrets Act, A.R.S. § 44-401 *et seq.*

After the filing of its original Complaint, Plaintiff obtained documents suggesting that Eun Hee Chung's credit cards were used to purchase web hosting services from an Australian company in connection with one of the "anti-Dahn" web sites on which Plaintiff's confidential information was published. Consequently, on February 10, 2006, Plaintiff filed its Amended Complaint substituting Eun Hee Chung, a resident of the state of Maryland, as the defendant. Otherwise, the Amended Complaint re-alleges the same factual and legal claims.

Soon after service of the Amended Complaint, Defendant claims she provided credible evidence to Plaintiff that the credit card charges were unauthorized. In light of the evidence, Defendant requested a dismissal without prejudice to avoid unnecessary fees and expenses while Plaintiff continued its investigation.[1] Plaintiff declined the offer and Defendant began to actively defend the case.

On March 24, 2006, Defendant filed a motion to dismiss based on a lack of personal jurisdiction over Defendant (Rule 12(b)(2) of the Federal Rules of Civil Procedure) and improper venue (Rule 12(b)(3) of the Federal Rules of Civil Procedure). On June 28, 2006, the Court granted Defendant's motion to dismiss for lack of personal jurisdictional and dismissed the case. Thereafter, Defendant filed a Motion for Award of Attorneys' Fees and Expenses, claiming fees and expenses in the amount of $11,527.92. In her subsequently filed

---

[1] At that time, Defendant's attorney fees and expenses totaled less than $1,000.00.

- 2 -

1  supporting memorandum, Plaintiff claimed fees and expenses in the amount of $17,352.57,
2  with the difference being additional fees and expenses related to the drafting of the motion
3  for attorney fees and supporting memorandum. Finally, in her reply memorandum,
4  Defendant claims an additional $2,660.00 in fees for drafting a reply memorandum, for a
5  total fee and expense claim of $20,012.57. Of the total amount, $550.07 is for expenses.

II.   DISCUSSION

   A.   Attorney Fees and Expenses Under the Digital Millennium Copyright Act

Defendant first claims entitlement to attorney fees and expenses under §§ 1203(b)(4) and (5) of the DMCA because of Plaintiff's claim under § 1201. Pursuant to § 1203(b)(4), in a civil action for a violation of § 1201, a court "in its discretion may allow the recovery of costs by or against any party other than the United States or an officer thereof." Also, pursuant to § 1203(b)(5), a court "in its discretion may award reasonable attorney's fees to the prevailing party." While § 1203(b)(4) apparently allows the recovery of costs by "any party," § 1203(b)(5) only allows the Court to award Defendant her reasonable attorney fees if she is the "prevailing party." Accordingly, the threshold issue is whether Defendant is the "prevailing party," within the meaning of § 1203(b)(5), when she prevailed on a motion to dismiss for lack of personal jurisdiction.

Under applicable federal jurisprudence, the Court finds that Defendant is not a "prevailing party" within the meaning of § 1203(b)(5). The Ninth Circuit Court of Appeals has consistently held that a party is not a "prevailing party" when dismissal is mandated by a lack of subject matter jurisdiction. *Elwood v. Drescher*, 456 F.3d 943, 948 (9th Cir. 2006) ("Where a claim is dismissed for lack of subject matter jurisdiction, the defendant is not a prevailing party within the meaning of § 1988."); *Miles v. State of California*, 320 F.3d 986, 989 (9th Cir. 2003) ("[I]n the context of a 42 U.S.C. § 1983 claim and request for attorneys' fees under 42 U.S.C. § 1988 . . . a defendant is not a 'prevailing party' when dismissal is mandated by a lack of subject matter jurisdiction."); *Branson v. Nott*, 62 F.3d 287, 293 (9th Cir. 1994) ("Where, as here, dismissal is mandated by a lack of subject matter jurisdiction,

- 3 -

1  a defendant is not a 'prevailing' party within the meaning of § 1988.").

2  Other courts have reached similar conclusions. For example, in *True Center Gate Leasing, Inc. v. Sonoran Gate, L.L.C.*, 427 F.Supp.2d 946, 950 (D.Ariz. 2006) (Campbell, J.), the court held that a defendant was not the prevailing party on a patent claim where the court dismissed the claim for lack of jurisdiction and the defendant "did not obtain a favorable ruling on the validity of its patents and did not defeat [plaintiff's] invalidity claim on the merits." Similarly, in *Kerner v. Cult Awareness Network, Washington, D.C.*, 843 F.Supp. 748, 749 (D.D.C. 1994), the Court held that the defendants, who were dismissed without prejudice for failure of plaintiffs to properly serve process, were not prevailing parties entitling them to attorney fees under Title II, 42 U.S.C. § 2000a-3(b). Finally, in *Hidahl v. Gilpin County Department of Social Services*, 699 F.Supp. 846, 850 (D.Colo. 1988), the court held that 42 U.S.C. § 1988, which authorizes an attorney fee award to the prevailing party in certain cases, does not authorize an award of attorney fees to a defendant dismissed on the ground of lack of subject matter jurisdiction. *See also Catalina Marketing Int'l, Inc. v. Coolsavings.com, Inc.*, 2004 WL 421739, *2 (N.D.Ill. 2004) (Finding that a party, dismissed for lack of personal jurisdiction in a patent infringement suit, is not a prevailing party because the legal relationship between the parties was not altered; plaintiff is free to file suit, making identical allegations, in another court.).

While the foregoing jurisprudence addresses "prevailing party" status under statutes other than the DMCA and dismissal on grounds other than for a lack of personal jurisdiction, the Court finds the jurisprudence persuasive and applicable to the instant case. Accordingly, the Court finds that Defendant is not a "prevailing party" within the meaning of 17 U.S.C. § 1203(b)(5) and that Defendant is not entitled to an award of attorney fees thereunder. Because of this finding, the Court refuses to award Defendant her costs under 17 U.S.C. § 1203(b)(4).

B.     Attorney Fees and Expenses under Arizona Law

Defendant next claims entitlement to attorney fees and expenses under A.R.S. § 12-341.01(A).[2] Pursuant to § 12-341.01(A), "[i]n any contested action arising out of a contract, express or implied, the court may award the successful party reasonable attorney fees." Similar to the analysis under 17 U.S.C. § 1203(b)(5), the Court must determine whether Defendant is the "successful party." If the Court finds Defendant to be the "successful party" within the meaning of § 12-341.01(A), then the Court must determine whether the award of attorney fees is otherwise appropriate and, if so, whether the fees claimed are reasonable.[3]

1.     "Successful Party" Status

Under applicable Arizona jurisprudence, the Court finds that Defendant is the "successful party" within the meaning of A.R.S. § 12-341.01. The Arizona Court of Appeals has concluded that "it is not always necessary to prevail on the merits of the underlying claims in order to be a 'successful party' under A.R.S. § 12-341.01." *Mark Lighting Fixture Co., Inc. v. General Electric Supply Co.*, 745 P.2d 123, 128 (Ariz. Ct. App. 1986), *vacated on other grounds*, 745 P.2d 85 (Ariz. 1987), *citing Wagenseller v. Scottsdale Memorial Hospital*, 710 P.2d 1025 (Ariz. 1985). The court further explained:

> It is apparent from the wording of [A.R.S. §§ 12-341 and 12-341.01] that our legislature intended to allow the recovery of costs and attorney's fees when a party succeeds in the particular

---

[2] The Court notes that § 12-341.01(A) does not provide for the award of expenses. Instead, A.R.S. § 12-341 provides that "[t]he successful party to a civil action shall recover from his adversary all costs expended or incurred therein unless otherwise provided by law." Defendant does not cite this statutory provision in support of her request for expenses.

[3] The Court also must determine whether Plaintiff's action arises "out of a contract." A.R.S. § 12-341.01(A). To make this determination, the Court considers the "essence of the action." *ASH, Inc. v. Mesa Unified Sch. Dist. No. 4*, 673 P.2d 934, 937 (Ariz. Ct. App. 1983). If "a contract was a factor in causing the dispute," the action arises out of a contract. *Id.* at 936. In the instant case, Plaintiff's Amended Complaint alleges that Defendant breached the non-disclosure policy and that said non-disclosure policy is a contract. Accordingly, the Court finds that this action arose out of a contract within the meaning of A.R.S. § 12-341.01(A).

- 5 -

> proceeding, which is the 'action,' without regard to whether the substantive allegations presented therein were disposed of at that time. There can be no doubt that when appellant's action in this case was dismissed without a judgment being entered against the appellees, they were the successful parties to that 'action.' It is not relevant under the terms of these statutes whether the dismissal, purported to be without prejudice, operates as a complete dismissal . . . or whether the underlying claim is still viable and will be determined in a subsequently filed action. The only relevant point is that the defendants were successful in the particular action in question.

*Id.* at 129. A similar conclusion was reached in *Harris v. Reserve Life Ins. Co.*, 762 P.2d 1334 (Ariz. Ct. App. 1988), wherein the court, relying on *Mark Lighting*, stated:

> We have held that when a plaintiff's complaint is dismissed because of plaintiff's failure to prosecute, the defendant may be considered the successful party for purposes of recovering costs pursuant to A.R.S. § 12-341. The fact that the action is dismissed without prejudice and that plaintiff can refile is not relevant.

762 P.2d at 385. *See also Vecsel Partners v. Scottsdale Conference Center*, 29 F.3d 637, 1994 WL 315631, * 3 (9th Cir. 1994) ("Where a suit has been dismissed without prejudice, the defendant is still considered a successful party for purposes of A.R.S. § 12-341.01.").

In the instant case, the Defendant prevailed on her motion to dismiss for lack of personal jurisdiction and the case was dismissed without prejudice. While Plaintiff may re-file its Complaint against Defendant in a court of proper jurisdiction,[4] Arizona jurisprudence indicates that Defendant is nonetheless the successful party in this case.[5] Accordingly,

---

[4] Indeed, Plaintiff has filed a similar Complaint against Defendant in the District of Maryland.

[5] Plaintiff cites two Arizona decisions in its opposition to an award of attorney fees and expenses. *See U.S. Insulation, Inc. v. Hilro Constr. Co., Inc*., 705 P.2d 490, 499 (Ariz. Ct. App. 1985) (refusing to rule on attorney fee issue absent a decision on the merits); *Esmark, Inc. v. McKee*, 578 P.2d 190 (Ariz. Ct. App. 1978) (finding attorney fee award to be premature where no successful party in the action below). While the Court considers the decisions to be distinguishable from the instant case, the Court finds a more compelling reason to refuse to follow them. Specifically, the decisions predate the Arizona Supreme Court's decision in *Wagenseller*, 710 P.2d 1025, in which the court rejected the argument that a party is not the "successful party" under A.R.S. § 12-341.01 until it succeeds on the merits,

- 6 -

1 following Arizona law, the Court finds that Defendant is the successful party within the meaning of A.R.S. § 12-341.01 and A.R.S. § 12-341.[6]

2. Appropriateness of Attorney Fee Award

Because the Court has concluded that Defendant is the successful party within the meaning of A.R.S. § 12-341.01, the Court must now determine whether an award of attorney fees is otherwise appropriate.[7]

As the wording of A.R.S. § 12-341.01 makes clear, the Court *may* award reasonable attorney fees. The awarding of attorney fees in contract actions is a matter within the discretion of the Court. *Associated Indem. Corp. v. Warner*, 694 P.2d 1181, 1183-84 (Ariz. 1985). To this end, the court in *Warner* enumerated six factors that courts should consider when deciding whether to award attorney fees to the successful party: (1) the merits of the unsuccessful party's claim or defense; (2) whether litigation could have been avoided or settled; (3) whether assessing fees against the unsuccessful party would cause extreme hardship; (4) whether the successful party prevailed with respect to all relief sought; (5) the novelty of the issues, and whether such claim or defense had previously been adjudicated in this jurisdiction; and (6) whether the award of attorney fees would discourage other parties with tenable claims from litigating or defending legitimate contract issues for fear of incurring liability for substantial amounts of attorney fees. *Id*. at 1184. No single factor is

---

as well as the two subsequent appellate court decisions, *Mark Lighting*, 745 P.2d 123, and *Harris*, 762 P.2d 1334, relied on by the Court.

[6]Again, even though Defendant did not cite A.R.S. § 12-341 in support of her request for an award of expenses, the Court will nonetheless consider her request as being asserted under that statute.

[7]The Court need not engage in such an analysis under A.R.S. § 12-341 because the Court has no discretion to deny costs to Defendant, who has been found to be the successful party. *See Roddy v. County of Maricopa*, 911 P.2d 631, 633 (Ariz. Ct. App. 1996). Accordingly, the Court will award Defendant $550.07 for costs, as requested in her motion, because Plaintiff has not otherwise disputed the nature of the claimed costs.

- 7 -

1 determinative and the Court is to weigh all of the factors in exercising its discretion to award
2 attorney fees. *Wilcox v. Waldman,* 744 P.2d 444, 450 (Ariz. App. 1987).

3 First, while the initial filing of suit in the District of Arizona was supported by
4 evidence that the fictitious defendant was located in Arizona, Plaintiff thereafter learned of
5 Defendant's identity and her residency in the state of Maryland. This subsequent knowledge
6 resulted in the filing of an Amended Complaint herein. While the filing of the Amended
7 Complaint herein was not completely without merit, considering Defendant's actual
8 residency, Plaintiff took a calculated risk by not re-filing its Complaint in the District of
9 Maryland where Defendant undoubtedly was subject to personal jurisdiction.

10 Second, after serving the Amended Complaint, Plaintiff declined to dismiss Defendant
11 from the matter without prejudice so Defendant could avoid unnecessary fees while Plaintiff
12 continued its investigation. At that time, Defendant's attorney fees totaled less than
13 $1,000.00. Currently, the total amount of fees and expenses sought by Defendant is
14 $20,012.57. Further, attorney fees associated with litigation in the District of Arizona could
15 have been avoided altogether if Plaintiff, instead of filing an Amended Complaint herein, had
16 filed a Complaint in the District of Maryland.

17 Third, Plaintiff has failed to allege that an award of attorney fees would cause extreme
18 hardship. Plaintiff conducts business globally and has offered no evidence to show any
19 financial circumstances sufficient to suggest any hardship whatsoever.

20 Under the fourth factor, "the possibility of subsequent resolution on the merits is a
21 factor for the trial court to consider when exercising its discretion to award attorney's fees
22 under the statute." *Mark Lighting*, 745 P.2d at 130. However, it is "just one factor among
23 many." *Id*. And, while the merits of all five causes of action will be determined in the
24 District of Maryland action, the Court notes Defendant sought and received dismissal of the
25 Amended Complaint which was precisely the relief sought.

26 Fifth, the principles regarding personal jurisdiction in this case are not novel. The
27 "purposeful availment" and "effects" test, relied upon by the Court in finding no personal

28 - 8 -

jurisdiction, is not a recent jurisdictional standard. Further, the Ninth Circuit, in *Cybersell, Inc. v. Cybersell, Inc.*, 130 F.3d 414, 418 (9th Cir. 1997), adjudicated a similar issue when it found that the maintenance of a website accessible to anyone does not indicate purposeful direction of activity to the forum state sufficient to confer personal jurisdiction.

Finally, Plaintiff has failed to show that an award of attorney fees would discourage other parties with tenable claims from litigating for fear of incurring liability for substantial amounts of attorney fees. In fact, an award of attorney fees would have the desirable effect of making parties more cautious where they file their claims.

Based on the foregoing, the Court finds that the factors-based analysis of the appropriateness of attorney fees tilts in favor of Defendant. Therefore, an award of attorney fees is appropriate in this case.

### 3. Reasonableness of Attorney Fees

The final step in the attorney fee analysis is the reasonableness of the fees sought, which includes consideration of the hourly billing rate and the hours expended. *Schweiger v. China Doll Rest., Inc.*, 673 P.2d 927, 931-32 (Ariz. Ct. App. 1983). While Defendant submitted affidavits and bills in support of her contention that the attorney fees sought are reasonable, Plaintiff failed to submit any evidence contradicting the reasonableness of the hourly billing rates or the hours expended. In fact, Plaintiff's only argument attacking the reasonableness of the fees is that the fees should be apportioned between the successful and unsuccessful claims. However, Defendant correctly counters that apportionment is not appropriate when the fees are related to work that encompassed all of the claims generally. *Id.* at 933; *see also Gametech Int'l, Inc. v. Trend Gaming Systems, L.L.C.*, 380 F.Supp.2d 1084, 1099-1100 (D.Ariz. 2005). In this case, the fees sought are related to the motion to dismiss for lack of personal jurisdiction, and the motion for attorney fees, which encompassed all of the claims generally. Accordingly, apportionment is not appropriate.

Despite Plaintiff's failure to contest the reasonableness of the fees sought, the Court, upon review of Defendant's memoranda and supporting documentation, is concerned with

1  the reasonableness of the time Defendant's counsel spent on the motion for attorney fees and
2  expenses, especially considering that the issue does not involve overly complex principles
3  of law.[8]  Further, Defendant's counsel spent more time on the motion for attorney fees and
4  expenses (approximately thirty-two (32) hours) than on all other matters up to the dismissal
5  of the case (approximately twenty-nine (29) hours).  While Arizona law provides that
6  Defendant is entitled to recover attorney fees incurred in the preparation of a motion for
7  attorney fees and expenses, *see Gametech Int'l, Inc.*, 380 F.Supp.2d at 1101, the Court finds
8  unreasonable the fact that more time was spent on the motion than on all other matters.  The
9  Court also finds unreasonable the fact that efforts on the motion for attorney fees and
10 expenses were duplicated by the utilization of a summer law clerk.[9]

11 In contrast, the Court is satisfied with the reasonableness of the time Defendant's
12 counsel spent on all other matters in defending against Plaintiff's claims up to the dismissal
13 of the case.  The Court also is satisfied with the reasonableness of the hourly rates charged
14 by Defendant's counsel.[10]  When determining the reasonableness of an hourly rate, "the rate
15 charged by the lawyer to the client is the best indication of what is reasonable under the
16 circumstances of the particular case."  *Schweiger*, 673 P.2d at 931-32.  Further, as noted
17 above, Plaintiff failed to offer any contradictory evidence that the hourly rates charged in this
18 case were unreasonable.

---

[8] As the court in *Schwartz v. Schwerin*, 336 P.2d 144, 146 (Ariz. 1959), sets forth, the Court may consider, *inter alia*, the difficulty and intricacy of the work performed when determining the reasonableness of the attorney fees sought.

[9] Specifically, the Court notes that Christopher Davis, the summer law clerk, spent 12.4 hours on the motion for attorney fees and expenses and, thereafter, Robert Brennen, Defendant's actual counsel, spent 12.2 hours on the motion, much of it duplicative of Mr. Davis's efforts.  Subsequently, Mr. Brennen attests that he spent another 7 hours on a reply to Plaintiff's response to the motion for attorney fees and expenses.

[10] The hourly rate for Mr. Brennen was $380.00.  The hourly rate for Christopher Davis was $145.00.

- 10 -

In closing, Defendant seeks $10,906.00 in attorney fees for the work performed up to the dismissal of the case. The Court finds this amount to be reasonable and appropriate. Accordingly, the Court will award Defendant $10,906.00 in attorney fees for the work performed up through the dismissal of the case. Also, Defendant seeks $9,094.00 in attorney fees for the work performed on the motion for attorney fees and expenses.[11] As discussed, the Court finds this amount to be unreasonable. Instead, the Court considers $4,000.00 in attorney fees, which will account for the lack of complexity of the issue and the duplicative effort, to be reasonable. Accordingly, the Court will award Defendant $4,000.00 in attorney fees for the work performed on the motion for attorney fees and expenses.

## III. CONCLUSION

Based on the foregoing,

**IT IS ORDERED** that Defendant's Motion for Award of Attorneys' Fees and Expenses (Doc. # 32) is **GRANTED**;

**IT IS FURTHER ORDERED** that Defendant is awarded $14,906.00 in attorney fees;

**IT IS FURTHER ORDERED** that Defendant is awarded $550.07 in expenses;

**IT IS FURTHER ORDERED** that the Clerk of the Court shall enter judgment in the amount of $15,456.07, plus interest from the date of judgment until paid, in favor of Defendant Eun Hee Chung and against Plaintiff Dahn World Co. Ltd.;

///

///

---

[11] While Defendant's supporting documentation provides that the attorney fees incurred on the motion for attorney fees and expenses total $8,556.50, the Court's calculation of the fees during the pertinent time period indicates that the correct amount sought is $9,094.00. It appears that Defendant omitted four time entries, on June 28, July 5 and July 12, 2006, from her calculation.

**IT IS FURTHER ORDERED** that Defendant's Supplemental Memorandum in Support of Defendant's Motion for Award of Attorneys' Fees and Expenses (Doc. # 34), which was incorrectly filed as a motion and seeks no affirmative relief, is **DENIED**.

DATED this 13th day of November, 2006.

James A. Teilborg
United States District Judge